In re SOUTH PARK LAND & LIVE-
STOCK CO., INC., Debtor.

FEDERAL TRADE COMMISSION,
Plaintiff,

v.

SOUTH PARK LAND & LIVESTOCK
CO., INC., Defendant.

Bankruptcy No. 74–11136 RM "L".

United States Bankruptcy Court,
C. D. California.

Sept. 15, 1980.

**480**

Gerald H. Jaggers, Denver, Colo., and Lawrence J. Donovan, Jr., Washington, D. C., for F. T. C.

Marvin Neben of Neben & Starrett, Anaheim, Cal., for confirmed debtor.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

### Re: MOTION TO DISMISS

RICHARD MEDNICK, Bankruptcy Judge.

The court has heard the oral arguments and has reviewed the Motion to Dismiss, memoranda in opposition, response thereto, and all memoranda of points and authorities filed herein, and makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. On November 19, 1979, the FTC filed its objections to the debtor's amended plan of arrangement alleging that South Park had engaged in certain unfair and deceptive acts and practices in the sale of land during its period of reorganization in violation of 15 U.S.C. § 45.

2. On November 29, 1979, South Park and the FTC stipulated in open court that the FTC's objections would be withdrawn and brought as an adversary proceeding in exchange for the debtor's waiver of any objection to the FTC's standing to bring such adversary proceeding. On the same date, South Park's amended plan of arrangement was confirmed.

3. The Order converting the FTC's objections to the debtor's plan of arrangement to an adversary proceeding was entered December 17, 1979.

4. The FTC filed its complaint on December 21, 1979, alleging that sales of land were induced by misrepresentations and omissions constituting unfair and deceptive acts and practices. The complaint seeks equitable relief including an order to correct misrepresentations and omissions, reformation of the contracts of sale, and refunds to purchasers of any excess purchase price.

5. The sales that are the subject of the FTC complaint occurred between March, 1976, and December, 1979, and were approved by the Bankruptcy Court at the time of each sale. As many as 1,300 sales were made during this period.

6. On January 23, 1980, South Park filed its Motion to Dismiss pursuant to Bankruptcy Rule 712(b) for failure to state a claim upon which relief can be granted, and alleging, in addition, that the FTC has no standing to bring the adversary complaint in the Bankruptcy Court.

7. The FTC has authority to issue administrative complaints and hold hearings respecting unfair and deceptive practices (15 U.S.C. § 45(b)). It may issue cease and desist orders (15 U.S.C. § 45(c)), and recover civil penalties for violation of such orders in an action brought by the Attorney General (15 U.S.C. § 45(*l*)). The Commission itself may commence a civil action in a federal district court to recover a civil penalty for knowing violations of FTC rules (15 U.S.C. § 45(m)(1)(A)), file suit in a U. S. court for injunction (15 U.S.C. § 54(a)), and file suit in a federal or state court to redress injury to consumers resulting from the violation of industry–wide rules respecting unfair or deceptive acts or practices (15 U.S.C. § 57b).

8. The sales activities of which the FTC complains ceased prior to the date the FTC first entered these proceedings and prior to the Court's approval of South Park's amended Plan of Arrangement. By order of the Bankruptcy Court dated July 23, 1979, both the debtor and the trustee in possession were prohibited after July 18, 1979 from soliciting in any form or by any

means the sale of lots and from advertising the sale in any form.

## CONCLUSIONS OF LAW

■ 1. A litigant has standing to state a claim when he can allege that he has suffered actual injury and has a personal stake in the outcome of the litigation. *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 99 S.Ct. 1601, 60 L.Ed.2d 66 (1979). Where a federal agency is the litigant, it must show that it has such an interest in the relief sought as entitles it to move in the matter. *U. S. v. Mattson*, 600 F.2d 1295 (9th Cir. 1979). Express statutory authority establishes such an interest.

2. There is no express provision of the FTC Act granting the FTC the authority to file a complaint in the Bankruptcy Court, nor does the complaint allege facts supporting express statutory authority to file an action against South Park in any court.

3. Where a debtor is in a Bankruptcy Court reorganization, the automatic stay imposed by Bankruptcy Rule 11–44 stays the FTC just as it stays the initiating of an action against the debtor by any other plaintiff. A request to lift the stay and proceed against the debtor must commence in the Bankruptcy Court.

■ 4. If South Park were still operating in a reorganization and actively engaged in the sale of land, and if they were using allegedly unfair and deceptive practices, the FTC would have standing in this court to seek permission to issue a cease and desist order. The FTC would have standing here to seek an injunction to halt harmful sales practices, and where industry–wide rules respecting unfair and deceptive sales practices were violated, the FTC could seek in this court redress for consumers including rescission and restitution.

■ 5. The injury alleged in the FTC complaint does not support the doctrine of implied standing. That doctrine applies where national security is threatened, to protect the civil rights of persons where the acts complained of constitute a burden on interstate commerce, to enforce a pecuniary or property interest of the government, or to protect the public at large. *U. S. v. Mattson, supra; U. S. v. Solomon*, 563 F.2d 1121 (4th Cir. 1977).

6. If the FTC has express or implied standing in any court, it is in the Bankruptcy Court when the defendant is a debtor in reorganization and judgment may affect property of the estate. The Bankruptcy Court is the only proper forum in which to initiate an action against the debtor.

■ 7. The relief sought here by the FTC results ultimately in some form of rescission, restitution, or reformation of contracts that have previously been approved by the court. Those who have a personal stake in the outcome are not themselves before the court, nor have they been identified. In effect, the FTC is bringing a class action to benefit a limited number of unknown parties, not the public at large. No provision of the FTC Act gives the FTC the authority to bring such an action nor does the doctrine of implied standing support their authority to do so.

8. The Bankruptcy Court cannot ignore allegations that sales conducted during South Park's reorganization may have been induced by unfair or deceptive practices. Had the FTC's allegations been brought to the attention of the court during its administration of the case and prior to cessation of advertising and solicitation of sales, the court would have had an affirmative duty to determine that no orders approving sales were a result of unfair or deceptive acts or practices.

■ 9. The court has the inherent authority to investigate allegations and correct orders fraudulently induced. Such matters should be brought to the court's attention and South Park consented to the FTC's standing to do so on November 29, 1979, when it waived objection to the FTC's standing to bring its objections to the plan of arrangement as an adversary proceeding after confirmation.

■ 10. The complaint now fails to state a claim upon which relief can be granted since the allegations, as pled, do not support the relief sought and available.

11. If the FTC allegations can be more specifically pled and proved, the selling practices complained of would constitute a fraud not only on the individual purchasers, but on the court as well.

All findings of fact which are additionally or alternatively conclusions of law are deemed conclusions of law; all conclusions of law which are additionally or alternatively findings of fact are deemed findings of fact.